IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRANDON L. MARSHALL | § | |
| | § | |
| V. | § | A-24-CV-00724-RP |
| | § | |
| RYAN MIHALIK, | § | |
| et al. | § | |

## ORDER

Before the Court are Plaintiff Brandon L. Marshall's complaint (ECF #1) and more definite statement (ECF #10). The Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff alleges Austin Police Department (APD) Officers Ryan Mihalik, Terrell Ellis, Brice Bishop, and Brent Pardinek and Texas Department of Safety (DPS) Officer Orstrander fired ten shots "from behind the plaintiff who posed no threat, for no probable cause or exigent circumstances causing serious bodily injury where plaintiff almost died at the hospital." Plaintiff contends the officers used unlawful deadly force, violating his rights under the Fourth and Eighth Amendments. He claims their actions were done maliciously, sadistically, and recklessly. He requests $12.5 million in "compensatory damages, emotional injury, punitive damages, pain suffering, physical therapy and other relief Plaintiff is entitled."

1

According to Plaintiff, on May 18, 2022, officers shot him ten times. Plaintiff claims he was in a car, speaking to his girlfriend on the phone, and not aware of the officers' presence. He asserts he was not committing a crime when the officers failed to identify themselves. Plaintiff states his car was parked and "shut off."

Plaintiff states he has exhausted his administrative remedies by mailing a copy of his complaint to Travis County Sheriff Sally Hernandez and Chief of Police Robin Henderson. According to Plaintiff, he has not received a response to his complaint.

Public records reflect Plaintiff was charged with five counts of aggravated assault of a public servant on the day of his arrest. In the habeas corpus petition Plaintiff filed with this Court in Cause No. A-24-CV-00655-RP, he admits he pleaded guilty to these charges and was sentenced to 35 years' imprisonment to be run concurrently.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. Plaintiff was warned, without additional details, his complaint may be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). The Court ordered Plaintiff to answer specific questions.

The Court asked Plaintiff whether, on May 18, 2022, officers were attempting to serve warrants upon him before shots were fired. Plaintiff responded that he was unaware officers were attempting to serve warrants upon him and that defendants did not give Plaintiff a warning to exit his car. Plaintiff admits the warrants for his arrest were issued by Travis County courts for (1) duty on striking unattended vehicle in Cause No. C1CR20600105; (2) driving while intoxicated in Cause No. C1CR20600106; (3) possession of firearm by felon in Cause No. D1DC21201487; (4)

aggravated assault with a deadly weapon in Cause No. D1DC21201486; and (5) evading arrest or detention with a vehicle in Cause No. D1DC22301064.

Plaintiff asserts his habeas corpus petition has nothing to do with his personal injury claim. He argues the defendants' false statements to justify the shooting is insufficient to sustain a conviction. Plaintiff argues there is not any ballistic evidence showing any shots were fired from Plaintiff's weapon and no evidentiary proof to support the defendants' false statements in his criminal case. He asserts the officers fabricated their affidavits in his criminal case with false statements "criminalizing Brandon Marshall with a false charge for aggravated assault on a public servant to justify the shooting and avoid civil liability."

## DISCUSSION AND ANALYSIS

1. Legal Standard

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief

3

may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

2.  Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of

rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

    3.    <u>*Heck* Bar</u>

The Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) barred any § 1983 claim that effectively attacks the validity of a conviction or imprisonment until the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487. Thus, the key inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Id.*

In *DeLeon v. City of Corpus Christi*, the Fifth Circuit held that a plaintiff's excessive-force claims were *Heck*-barred because the complaint described "a single violent encounter" in which the plaintiff claimed he was an innocent participant and necessarily challenged his aggravated-assault conviction. 488 F.3d 649, 656–57 (5th Cir. 2007). Since Plaintiff's excessive force claims turn on whether officers used unreasonable force in effectuating the arrest, it places the plaintiff's own resistance into question. If the officers' use of force was unreasonable because the plaintiff was justified in resistance, these facts necessarily call into question the validity of his convictions for aggravated assault of a public servant.

Plaintiff argues his complaint is not barred by *Heck* because he is only raising a "personal injury" claim. Plaintiff incorrectly believes only claims of malicious prosecution are barred by *Heck*. Plaintiff states he will file a malicious prosecution claim later.

Contrary to Plaintiff's argument, his claim for excessive force is indeed barred by *Heck*. Success on Plaintiff's claims, necessarily calls into question the validity of his convictions for

aggravated assault of a public servant. However, Plaintiff's convictions have not been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus..

    4.    <u>Statute of Limitations</u>

Alternatively, Plaintiff's complaint is barred by the applicable statute of limitations. The statute of limitations for a section 1983 claim is determined by the forum state's limitations period for personal injury torts. *Wallace v. Kato*, 549, U.S. 384, 387 (2007). In Texas, that is two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Schaefer v. Gulf Coast Regional Blood Ctr.*, 10 F.3d 327, 331 (5th Cir. 1994).

Federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Plaintiff knew the critical facts of his claim when he was shot on May 18, 2022. Accordingly, to the extent Plaintiff's claims are not barred by *Heck*, Plaintiff's claims accrued on the date of his arrest and his complaint was due on or before May 18, 2024. Plaintiff did not execute his civil rights complaint until June 20, 2024, approximately one month after the limitations period expired.

Plaintiff argues he did not know his rights or how to fight back for his freedom "due to the fact the corrupt county officials of Travis County deprived him of his freedom and the fact he had no bonafied [sic] counsel." He states he did not know a cause of action existed until March 24, 2024, when he sought help from a paralegal inmate. Plaintiff claims dismissing his complaint as time-barred would not be fair. Unfortunately, Plaintiff's lack of legal knowledge does not change

the date his claims accrued. Plaintiff's claims are time-barred to the extent they are not barred by *Heck*.

## CONCLUSION

Plaintiff's complaint is frivolous. Plaintiff's claims are barred by *Heck*. Alternatively, they are time-barred.

It is therefore **ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE** to being asserted again until the conditions of *Heck* are met pursuant to 28 U.S.C. § 1915(e). Alternatively, Plaintiff's claims are **DISMISSED WITH PREJUDICE** as time-barred.

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on September 6, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE